# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD MOORE, | Case No. 1:13-cv-00613-SAB |
| Plaintiff**, | ORDER GRANTING PLAINTIFF'S MOTION TO AMEND |
| v. | (ECF Nos. 42, 43) |
| DEWAYNE ZINKIN, et al., | |
| Defendants. | |

On December 13, 2013, Plaintiff Ronald Moore filed a motion to amend the complaint. (ECF No. 42.) Defendant Shaw Street Books filed an opposition to the motion to amend on December 19, 2013. (ECF No. 43.)

Pursuant to Local Rule 230(g), the Court deems the matter submitted upon the record and briefs on file and vacates the hearing on the motion scheduled for January 15, 2014. For the reasons set forth below, the Court grants Plaintiff's motion to amend.

**I.**

**BACKGROUND**

Plaintiff filed this action alleging violations of the Americans with Disabilities Act ("ADA") and related state law claims on April 26, 2013. (ECF No. 1.) On September 12, 2013, the Court issued a scheduling order setting the deadline to file a motion to amend the pleadings for December 13, 2013. (ECF No. 38.) On September 16, 2013, Defendants Dewayne and

1

Sandra Zinkin were dismissed from this action.  (ECF No. 37.)  Plaintiff filed a motion to amend on December 13, 2013.  (ECF No. 42.)  Defendant Shaw Street Books filed an opposition on December 19, 2013.  (ECF No. 43.)

## II.
## LEGAL STANDARDS

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires.  Fed. R. Civ. P. 15(a).  "This policy is 'to be applied with extreme liberality.'"  Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (quoting Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001)).

Leave to amend must be given unless reasons exist to deny leave "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc...."  Foman v. Davis, 371 U.S. 178, 182 (1962) see also AmerisourceBergen Corp. v. Dialysist West, Inc., 465 F.3d 946, 951 (9th Cir. 2006)).  "Not all of the factors merit equal weight.... [I]t is the consideration of prejudice to the opposing party that carries the greatest weight."  Eminence Capital, LLC, 316 F.3d at 1052.  "Absent prejudice, or a strong showing of any of the remaining Foman factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend."  Id. (emphasis in original).

## III.
## DISCUSSION

Plaintiff seeks leave to amend the complaint to include additional barriers to his access that were identified during an on-site inspection of the premises.  Defendant opposes the motion contending that they wish to settle this action, but Plaintiff has not provided a monetary demand and Defendant is unable to determine the specific corrections Plaintiff is seeking from the amended complaint.

The Court finds that leave to amend is appropriate. While Defendant seeks specific information regarding compliance with the ADA, this does not factor into the analysis in deciding the motion to amend. None of the <u>Foman</u> factors weigh significantly against granting the request. There is no suggestion of undue delay, bad faith or dilatory motive on Plaintiff's part, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to Defendants or futility of amendment. Accordingly, the Court will grant Plaintiff's motion to amend.

The Court is available to assist with settlement of this action at the request of the parties. Should the parties agree that the Court's assistance would be beneficial in settlement of this action, they may file a request for a settlement conference and a magistrate judge will be assigned to conduct a settlement conference.

### IV.

### CONCLUSION AND ORDER

Based upon the foregoing, it is HEREBY ORDERED that:

1. The hearing scheduled for this motion on January 15, 2014, is VACATED;
2. Plaintiff's motion to amend is GRANTED;
3. Plaintiff shall file his amended complaint within fourteen (14) days; and
4. Defendant shall file a responsive pleading within fourteen (14) days after the amended complaint is filed.

IT IS SO ORDERED.

Dated:   **January 6, 2014**

UNITED STATES MAGISTRATE JUDGE