1  Tanya E. Moore, SBN 206683
   MOORE LAW FIRM, P.C.
2  332 North Second Street
   San Jose, California  95112
3  Telephone: (408) 298-2000
   Facsimile:  (408) 298-6046
4  Email:  Tanya@moorelawfirm.com

5  Attorneys for Plaintiff, Ronald Moore

6  ROGER JON DIAMOND, ESQ.
   2115 Main Street
7  Santa Monica, CA 90405
   (310) 399-3259
8  Fax No. 310/392-9029
   State Bar No. 40146

9
   Attorney for Defendant, Shaw Street Books, Inc.
10

11
                    **UNITED STATES DISTRICT COURT**
12
                   **EASTERN DISTRICT OF CALIFORNIA**
13

14  RONALD MOORE,                              )  No.   1:13-cv-00613-SAB
                                               )
15              Plaintiff,                      )  **ORDER RE STIPULATION FOR**
                                               )  **DISMISSAL WITH PREJUDICE OF THE**
16         vs.                                  )  **ACTION**
                                               )
17  DEWAYNE ZINKIN; SANDRA ZINKIN;             )
    SHAW STREET BOOKS, INC., a California      )
18  corporation, dba VIDEO LIQUIDATORS,        )
                                               )
19                                             )
                Defendants.                    )
20  _____ )

21

22

23

24

25

26

27

28

                                       1

1        **IT IS HEREBY STIPULATED** by and between plaintiff, Ronald Moore ("Moore"),

2    and defendant, Shaw Street Books, Inc., a California corporation doing business as Video

3    Liquidators ("Shaw Street," and together with Moore, "the Parties"), the remaining parties to

4    this action, by and through their respective counsel, that pursuant to Federal Rule of Civil

5    Procedure 41(a)(2), this action be dismissed with prejudice.

6        **IT IS FURTHER STIPULATED** between Moore and Shaw Street that this case has

7    been settled as between them and all issues and controversies have been resolved to their

8    mutual satisfaction. Moore and Shaw Street request the Court to retain jurisdiction to enforce

9    the terms of their settlement agreement under the authority of *Kokkonen v. Guardian Life Ins.*

10   *Co. of America,* 511 U.S. 375, 381-82 (1994). A true and correct copy of the Settlement

11   Agreement is attached hereto as Exhibit "A" and incorporated herein by reference. Moore and

12   Shaw Street also request that this Court retain jurisdiction to adjudicate any motion brought by

13   Moore for his attorney fees, costs, and litigation expenses incurred in this action, any such

14   motion to be filed within 28 days of the Court's Order of Dismissal.

15

16   **IT IS SO STIPULATED.**

17

18   Dated:  June 27, 2014                              MOORE LAW FIRM, P.C.

19

20                                                      */s/ Tanya E. Moore*
                                                        Tanya E. Moore

21                                                      Attorneys for Plaintiff, Ronald Moore

22                                                      */s/ Roger Jon Diamond*

23                                                      Roger Jon Diamond

24                                                      Attorney for Defendant
                                                        Shaw Street Books, Inc.

25

26

27

28

## ORDER

The parties having so stipulated and good cause appearing,

**IT IS HEREBY ORDERED** that:

1.    Plaintiff,  Ronald Moore ("Moore"), and defendant, Shaw Street Books, Inc., a California corporation doing business as Video Liquidators ("Shaw Street"), shall comply with the terms of the Settlement Agreement and Release in Full;

2.    By consent of Moore and Shaw Street, the Court shall retain jurisdiction in this matter for the purpose of enforcing the terms of the settlement agreement and for adjudicating any motion for attorney fees, costs and litigation expenses brought by Plaintiff;

3.    Within twenty eight (28) days from the date of service of this order, Plaintiff shall file any motion for attorneys' fees, costs and litigation expenses;

4.    Except as provided for in paragraphs 1 and 2 above, this action is dismissed with prejudice; and

5.    The Clerk of the Court is directed to close this action.

IT IS SO ORDERED.

Dated:   **June 30, 2014**

_____
UNITED STATES MAGISTRATE JUDGE

3